Jodi K. Swick No. 228634
**McDOWELL HETHERINGTON LLP**
1999 Harrison Street, Suite 2050
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146
Email: jodi.swick@mhllp.com

Ryan Goodland, TX Bar No. 24087604*
*To be Admitted Pro Hac Vice*
**McDOWELL HETHERINGTON LLP**
1001 Fannin Street
Suite 2400
Houston, TX 77002
Telephone: 713.337.5580
Facsimile: 713.337.8850
Email: ryan.goodland@mhllp.com

Attorneys for Defendant
VERYABLE, INC.

# THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA HUGHES, an individual, | Case No. 2:25-cv-7699 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| VERYABLE, INC., a Texas corporation, and DOES 1 through 15, inclusive, | |
| Defendant. | |

Defendant Veryable, Inc. ("Veryable") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and would show the Court as follows:

I. **COMMENCEMENT AND SERVICE**

1. On July 16, 2025, Plaintiff commenced this action by filing her Complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. 25STCV20965, styled *DANA HUGHES, an individual v. VERYABLE, INC., a Texas corporation; DOES 1 through 15, inclusive* (the "State Court Action"), alleging violations of the California Invasion of Privacy Act ("CIPA"). *See* Ex. 2.

2. Plaintiff served Veryable on July 18, 2025.

3.  This Notice of Removal is timely given that it is filed within 30 days of service of Plaintiff's Complaint and within one year after commencement of this action. See 28 U.S.C. § 1446.

## II. GROUNDS FOR REMOVAL

4.  The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1332 because this action is a civil action involving diversity of citizenship and an amount in controversy exceeding $75,000.

5.  Removal of the entire state court matter to this Court is also proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this Court's district and division embrace the pending State Court Action in the Superior Court for the County of Los Angeles.

## III. DIVERSITY OF CITIZENSHIP

6.  This is an action with complete diversity between Plaintiff and Veryable.

7.  Plaintiff is a citizen of California. Ex. 2 ¶ 10.

8.  Veryable is a Delaware corporation with its principal place of business in Texas. Accordingly, for jurisdictional purposes, Veryable is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

9.  Pursuant to 28 U.S.C. §§ 1332 and 1441, there is complete diversity of citizenship between Plaintiff and Veryable. There have been no known changes in citizenship since commencement of the State Court Action.

## IV. AMOUNT IN CONTROVERSY

10. This case also satisfies the amount in controversy requirement in 28 U.S.C. § 1332(a). Removal is proper "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(a), 1441. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (citation omitted). Moreover, "[a] settlement letter is relevant evidence of the amount

in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (collecting cases).

11. Plaintiff has placed more than $75,000 in controversy. In an attempt to mask the basis for diversity jurisdiction, Plaintiff has not expressly alleged the amount she is seeking. Given that the Complaint "does not specify a total amount in controversy, the proper burden of proof in this case [to show that the amount-in-controversy exceeds $75,000] is proof by a preponderance of evidence." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (cleaned up). A defendant's preponderance burden "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Mortley v. Express Pipe & Supply Co.*, No. SACV 17-1938-JLS-JDE, 2018 WL 708115, at *2 (C.D. Cal. Feb. 5, 2018) (citation omitted). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

12. Although Veryable denies that Plaintiff is entitled to any of the relief sought in the Complaint, Plaintiff seeks relief that puts more than $75,000 in controversy.

13. **Statutory Damages.** Plaintiff alleges that when she visited Veryable's website, her identifying information was captured and sent to a third party data broker using a "trap and trace device." Ex. 2 ¶¶ 8, 31, 47.

14. In her Pre-Suit Settlement Demand Letter, Plaintiff alleges, "Under CIPA, installing or using a trap and trace device carries civil liability, including statutory damages of $5,000 *per violation* and the possibility of injunctive relief." Ex. 9 at 2 (citing Cal. Penal Code § 637.2; *Moody v. C2 Educ. Sys. Inc.*, No. 2:24-CV-04249-RGK-SK, 2024 U.S. Dist. LEXIS 132614; 2024 WL 3561367 (C.D. Cal. July 25, 2024)) (emphasis added).

15. Plaintiff further alleges that "*[e]ach* data capture event—whether through a script load, endpoint call, or any other mechanism—*constitutes a distinct violation.*" *Id.* (emphases added).

16. Plaintiff's Complaint describes Veryable's alleged "*breaches* of [CIPA]" and that "Defendant's *violations* of [CIPA] create statutory damages that exceed this Court's jurisdictional minimum." Ex. 2 ¶ 3 (emphases added).

17. Plaintiff's Civil Cover Sheet alleges that the "[a]mount demanded exceeds $35,000[,]" Ex. 3 at 1, the statutory minimum for the superior court's unlimited jurisdiction, Cal. Civ. Proc. Code §§ 85(a), 88, further making plain that Plaintiff is alleging multiple violations of CIPA, entitling her to multiples of CIPA's $5,000 per violation in statutory damages.

18. Plaintiff alleges that Veryable's website uses technology that "ascertain[s] the identity of a website visitor by *plotting hundreds of personal identifiers*, including a user's geolocation, device information, identification and cross-referencing of malicious cookies installed on their devices, and other traits evident from a user's browser." Ex. 2 ¶ 17 (emphasis added).

19. If Plaintiff alleges "hundreds" of "distinct violations" (i.e., 200 violations) of CIPA, "whether through a script load, endpoint call, or *any other mechanism*," and Plaintiff is seeking "statutory damages of $5,000 per violation," then Plaintiff is seeking at least $1,000,000 (200 x $5,000) in damages, well over the $75,000 amount in controversy for this Court.

20. **Injunctive relief**. Plaintiff also seeks injunctive relief. Ex. 2 at 9. The cost of compliance with an injunction factors into the amount in controversy. *See In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). The cost of injunctive relief should also be factored into this Court's determination that the amount in controversy is met.

21. Therefore, this Court has jurisdiction under 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441(b).

V. **VENUE**

22. The United States District Court for the Central District of California is the federal judicial district embracing the Superior Court of Los Angeles County, where this

suit was originally filed. Venue is thus proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

## VI. CONSENT TO REMOVAL

23. Veryable is the only named defendant and it consents to the removal.

## VII. NOTICE

24. Notice of notice of removal will be provided to all parties of record and the state court, in accordance with 28 U.S.C. § 1446(d).

## VIII. JURY DEMAND

25. Plaintiff has demanded a jury in the State Court Action.

## IX. EXHIBITS TO NOTICE OF REMOVAL

26. Copies of all state court pleadings and orders, as well as Plaintiff's pre-suit settlement demand letter, are attached to this Notice of Removal:

Exhibit 1: State court docket sheet;

Exhibit 2: Plaintiff's Complaint;

Exhibit 3: Civil Case Cover Sheet;

Exhibit 4: Alternative Dispute Resolution Packet;

Exhibit 5: Notice of Case Assignment – Unlimited Civil Case;

Exhibit 6: Summons on Complaint;

Exhibit 7: Notice of Case Management Conference;

Exhibit 8: Clerk's Certificate of Service By Electronic Service; and

Exhibit 9: Plaintiff's Pre-Suit Settlement Demand Letter.

## X. CONCLUSION

27. WHEREFORE, Veryable, Inc., pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Superior Court of Los Angeles County to this Court.

Dated: August 18, 2025

McDOWELL HETHERINGTON LLP

By: /s/ *Jodi K. Swick*
    Jodi K. Swick

Attorney for Defendant
VERYABLE, Inc.

# CERTIFICATE OF SERVICE

*Hughes v. Veryable, Inc.*, Central District Court Case No.: 2:25-cv-7699

I am a citizen of the United States, a resident of the State of California, and am employed in the County of Alameda, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is McDowell Hetherington, LLP, 1999 Harrison St. Ste. 2050, Oakland, CA 94612. On the date below, I served the following document(s) in the manner indicated below on the person(s) listed on the attached Service List:

## NOTICE OF REMOVAL

☒ **U.S. Mail:** by causing the placing of the document(s) listed above in a sealed envelope, with First Class postage thereon fully prepaid, and deposited same in the United States mail at McDowell Hetherington, LLP, Houston, Texas, addressed as set forth below. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, in the ordinary course of business.

☒ **Electronic Transmission:** by transmitting via email from jodi.swick@mhlllp.com during normal business hours, complete and without error on the date indicated below to the email address set forth below.

☒ **E-Filing:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

PLEASE SEE THE ATTACHED SERVICE LIST

☒ *(Federal)* I declare that I am a member of the bar of this court at whose direction the service was made. Executed on the date below in Oakland, California.

Dated: August 18, 2025        */s/ Jodi Swick*
                                Jodi Swick

**SERVICE LIST**

*Dana Hughes*
*v.*
*Veryable, Inc.*
Case Number: 2:25-cv-7699

| | |
|---|---|
| Robert Tauler, Esq. (SBN 241964)<br>rtauler@taulersmith.com<br>Gil Peles, Esq. (SBN 238889)<br>gpeles@taulersmith.com<br>TAULER SMITH LLP<br>626 Wilshire Boulevard, Suite 550<br>Los Angeles, California 90017<br>Tel: (213) 927-9270 | Attorneys for Plaintiff Dana Hughes |