Brett N. Taylor (SBN 274400)
btaylor@cozen.com
COZEN O'CONNOR
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401-1453
Telephone: 310-393-4000
Facsimile: 213-892-7999

Attorneys for Defendant VERYABLE, INC.

**THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANA HUGHES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VERYABLE, INC., a Texas corporation, and DOES 1 through 15, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-07699-MWF-AGR<br><br>**DEFENDANT VERYABLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 1212(b)(1), (b)(2) and 12(b)(6)<br><br>Date: November 24, 2025<br>Time: 10:00 A.M.<br>Courtroom: 7B<br>Judge: Hon. Michael W. Fitzgerald<br><br>First Amended Complaint Filed: 09/22/25 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 24, 2025 at 10:00 a.m. in Courtroom 7B, of the above-entitled court, Defendant Veryable, Inc. ("Veryable") will and hereby does move this Court for an Order dismissing the First Amended Complaint of Plaintiff Dana Hughes ("Plaintiff"), pursuant to Fed. R. Civ. P. 1212(b)(1), (b)(2) and 12(b)(6).

Pursuant to L.R. 7-3, the parties met and conferred as to the arguments underlying this Motion to Dismiss (the "Motion") on September 29, 2025 via telephone. *See* Declaration of Brett N. Taylor.

Plaintiff's First Amended Class Action Complaint (ECF No. 11, the "FAC"), alleges that Veryable violated the California Invasion of Privacy Act ("CIPA"), California Penal Code § 638.51 ("Trap and Trace Claim"), by installing a software development kit ("SDK") on its website. Plaintiff alleges that when she visited Veryable's Website, her "approximate location, and data about [her] browser and device" were sent to the SDK, 6Sense, (*id.* ¶ 31).

The Motion is made on the following grounds:

**1. The FAC Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction.**

Veryable is a Delaware Corporation with its principal place of business in Texas that ***does not offer*** its services in California. Plaintiff, a California citizen and serial tester plaintiff, made the choice to visit Veryable's website. She fails to allege she used any of Veryable's services or products through the Website, and solely bases her claims on landing on the Website page. The FAC and Plaintiff's claims lack any facts, other than conclusory allegations disproved by evidence, that Veryable purposefully directed any activities towards California, let alone that there is any connection between any acts by Veryable and any alleged injury suffered by Plaintiff. Therefore, this lawsuit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

**2. The FAC Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction for Plaintiff's Failure to Allege Article III Standing and Concrete Injury.**

Additionally, Plaintiff has failed to allege any concrete injury because she fails to allege disclosure of any information that would implicate a protectable

privacy interest. As Courts have noted, a serial tester plaintiff like Plaintiff Hughes who actively seeks out privacy violations has no expectation of privacy when he or she visits a website, and therefore, lacks injury in fact sufficient to establish standing. Even if Plaintiff were not a serial tester plaintiff, the information she alleges serves as the basis for her Trap and Trace Claim (i.e. her approximate location, and data about her browser and device information) does not implicate a protectable privacy interest. Therefore, Plaintiff's claims lack Article III Standing, and her lawsuit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for a lack of subject matter jurisdiction.

**3. The FAC Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because it Fails to Allege a Claim Upon Which Relief Can Be Granted.**

Finally, Plaintiff's Trap and Trace Claim fails to state a claim upon which relief can be granted because: (1) the Trap and Trace statute applies to telephone lines, and Plaintiff fails to allege use of a telephone line in support of her alleged violation; (2) Plaintiff fails to sufficiently allege an electronic communication covered by the Trap and Trace statute; and (3) Plaintiff does not maintain a reasonable expectation of privacy in her vaguely alleged personal information. Therefore, Plaintiff's claims should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: October 20, 2025

Respectfully submitted,

COZEN O'CONNOR

By: */s/ Brett N. Taylor*

Brett N. Taylor
Attorneys for Defendant VERYABLE, INC.